UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TIMOTHY SCOTT CARAMILLO,
Administrator of the Estate of
Regina Marie Honeycutt, Deceased,

    **Plaintiff,**

v.                                               CIVIL ACTION NO. 2:19cv362

CORRECT CARE SOLUTIONS, LLC,
et al.,

    **Defendants.**

## ORDER

This matter comes before the court on motions to dismiss the complaint for failure to state a claim, filed by Defendants Hampton Roads Regional Jail Authority ("HRRJA") and David Hackworth on September 27, 2019, and by Defendants Sheriff Joseph P. Baron, Deputy Isureal, Deputy Caniff, and Deputy Dudley, on September 30, 2019. ECF Nos. 25, 29. The Plaintiff filed Memoranda in Opposition on October 11, 2019. ECF Nos. 32, 34. Defendants HRRJA, Hackworth, Baron, Isureal, Caniff, and Dudley filed Replies on October 16, 2019. ECF Nos. 36, 37.

On October 21, 2019, the matters were referred to United States Magistrate Judge Robert J. Krask pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed

findings of fact, if applicable, and recommendations for the disposition of the motions to dismiss. ECF No. 39. The Magistrate Judge's Report and Recommendation ("R&R") was filed on February 28, 2020. ECF No. 43. In the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date of the mailing of the R&R to the objecting party. Id. at 38.

Defendants HRRJA and Hackworth filed an Objection to the R&R on March 4, 2020, to which the Plaintiff responded on March 10, 2020. ECF Nos. 44, 46. Defendants Isureal, Caniff, Dudley, and Baron filed Objections to the R&R on March 13, 2020, to which the Plaintiff responded on March 27, 2020. ECF Nos. 47, 48. The Plaintiff filed an Objection to the R&R on March 10, 2020. ECF No. 45.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which a party has specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Having reviewed the full record and having made a de novo determination with respect to the portions of the R&R to which the

parties have objected, the court **OVERRULES** the objections to the R&R. The court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R. ECF No. 28. Accordingly, HRRJA and Hackworth's motion to dismiss Counts I and II against them are **DENIED**; HRRJA and Hackworth's motion to dismiss Count III against them is **GRANTED**;[1] Hackworth's motion to dismiss Count IV against him is **GRANTED**; Baron's motion to dismiss Count II against him in his official capacity is **GRANTED**; Baron's motion to dismiss Count II against him in his individual capacity is **DENIED**;[2] Baron's motion to dismiss Count III against him is **GRANTED**;[3] Isureal, Caniff, and Dudley's motion to dismiss Counts II and IV against them is **DENIED**;

---

[1] The court supplements the R&R's reasoning on this point by noting that the Supreme Court of Virginia has said, on several occasions, that willful or wanton negligence requires "purpose or design." See Green v. Ingram, 269 Va. 281, 292 (2005); Boward v. Leftwich, 197 Va. 227, 231 (1955). The court finds that the Complaint does not allege sufficient facts to establish that the harm here was a "purpose or design" of the defendants.

[2] The court supplements the R&R's reasoning on this point by noting that Virginia law permits suits for state law torts against government employees in their individual capacities, where the employee is alleged to have acted in a grossly negligent manner. See James v. Jane, 221 Va. 43, 53 (1980) ("We find no justification for treating a present day government employee as absolutely immune from tort liability . . . . A state employee who acts wantonly, or in a culpable or grossly negligent manner, is not protected."). For the reasons stated in the R&R, Count II successfully states a gross negligence claim against Defendant Baron. R&R at 20-22.

[3] See supra note 1.

Isureal, Caniff, and Dudley's motion to dismiss Count III against them is **GRANTED**;[4] Hackworth's motion to dismiss Count V against him is **DENIED**; and Hackworth's motion to dismiss Count VI against him in his official capacity is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/ *CBS*
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

May 13, 2020

---

[4] See supra note 1.